# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| **DEARIUS JOHNSON**, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 15 C 10918 |
| **RANDY PFISTER**, Warden, Stateville Correctional Center, | ) ) ) ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

State of Illinois prisoner DeArius Johnson ("Johnson"), acting pro se, prepared a filing that (1) he labeled a "Petition for Injunctive Relief" ("Petition"), (2) he captioned "In the Circuit Court of The Seventh Judicial Circuit County of Sangamon, Illinois," (3) he instituted against the "People of the State of Illinois" and (4) he listed as filed in "Case No. 10 CF 2674" (obviously an Illinois state court number). Johnson, who had plainly done a good deal of work in preparing his well-put-together Petition, cited only Illinois caselaw in challenging the calculation of his 30-year sentence by the Illinois Department of Corrections. Yet despite all of those factors pointing to an Illinois state court target for the filing of his Petition,[1] Johnson (in an obvious mistake) mailed his filing to:

---

[1] It is true that Johnson's one-paragraph Conclusion says that his request for relief is "through the authority of Article VI of the Constitution of the United States of America," but that somewhat questionable invocation does not alter the unmistakable thrust of what has been said here -- indeed his naming of the "People of the State of Illinois" as defendant, given the State's immunity from suit in the federal courts under the Eleventh Amendment, adds still another nail to the coffin. And as if that were not more than enough to identify the Illinois Circuit Court and not a federal court as the intended repository for Johnson's filing, he accompanied his Petition with an "Application for Waiver of Court Fees" pursuant to an Illinois Supreme Court Rule and an Illinois state statute.

Sangamon County 151
U.S. Courthouse
600 E. Monroe St.
Springfield, IL 62701.

With Johnson's filing having been so obviously misdirected, the documents might well have simply been forwarded to their clearly intended destination, the Illinois Circuit Court in Sangamon County. But the recipient at the mistaken courthouse address, the Federal District Court for the Central District of Illinois, misdocketed the Petition as seeking a Writ of Habeas Corpus on the premise that the mailing address on Johnson's envelope called for an assumption that he had "intended to file his petition in federal court." On that assumption, that court sua sponte changed the named defendant from the People of the State of Illinois to Warden Randy Pfister of the Stateville Correctional Center ("Stateville") and, having noted that both the situs of Johnson's conviction (Will County) and his place of imprisonment (Stateville) are located in this Northern District of Illinois, transferred the action here as though it were indeed a federal habeas case.

Because that characterization is plainly inapplicable and because a federal court really has no right to rewrite Johnson's Eleventh-Amendment-barred suit against the State of Illinois by changing its substantive nature and its targeted defendant (see Castro v. United States, 540 U.S. 375, 382-83 (2003)), it is time that the case enter on the path that had clearly been indicated by the nature of plaintiff Johnson's filing. This Court therefore orders that:

1. Either (a) the original documents delivered to this Court or, if the applicable internal procedures require that the originals remain here as a matter of record, (b) copies of all of those documents be transmitted to the Circuit Court of the Seventh Judicial Circuit in Sangamon County, Illinois,

200 South Ninth Street, Springfield, Illinois 62701, marked for the attention of the Clerk of Court.

2. Those documents are to be accompanied by a copy of this opinion.

3. This case shall be terminated on this District Court's docket forthwith.

_____
Milton I. Shadur
Senior United States District Judge

Date: December 7, 2015